Hon. Vito J. Castellano Chief of Staff Division of Military and Naval Affairs
This is in response to your letter wherein you ask my opinion as to whether the computation of State employees' salary, which is paid biweekly, should be on a 14-day basis or a 10-day basis. You also ask whether military leave benefits for State employees should be based on the 14-day basis or 10-day basis.
Section 3.5 of title 2 of the Official Compilation of Codes, Rules and Regulations of the State of New York (hereinafter referred to as2 NYCRR 3.5) states as follows:
 "3.5 Computation of salary rate. Employees will be paid biweekly an amount equal to 14/365ths (in leap year 14/366ths) of their annual salary. The daily rate will equal 1/365th (in leap year 1/366th) of the annual salary. When determining the annual salary rate of a per diem or hourly employee, 261 days or 2,088 hours will be used as the basis to determine the compensation payable if services were required on a full time annual basis."
Enclosed in your letter to me is Bulletin No. P-13 from the Audit and Control Manual dated February 20, 1970. This bulletin, however, refers only to part-time employees or employees on an original appointment who have not yet worked a full two weeks prior to the date of payment for wages. For these types of designated employees only, as set forth in said bulletin, the computation of the biweekly pay period would be based on a 10-day period rather than the 14-day period for the rest of the full-time State employees.
Your other inquiry dealt with military leave benefits for State employees under section 242 of the Military Law. Section 242 of the Military Law pertains to the rights of public officers and employees who are absent from their employment while on ordered military duty. Ordered military duty is defined in subparagraph b of said subdivision 1 herein. Military leave benefits are available to eligible employees as set forth in Military Law, § 242(5), which states as follows:
 "5. Pay for thirty days. Every public officer or employee shall be paid his salary or other compenstion as such public officer or employee for any and all periods of absence while engaged in the performance of ordered military duty, and while going to and returning from such duty, not exceeding a total of thirty days in any one calendar year and not exceeding thirty days in any one continuous period of such absence."
A February 27, 1978 opinion of the Attorney General holds that eligible personnel may be charged with military leave when a conflict exists between a work day and ordered military duty. Since the salary rate is based on a 14-workday biweekly basis, the 30-day military leave benefits for ordered military leave as set forth in Military Law, § 242(5) for full-time State employees would also be based on the same computation.
Accordingly, I conclude that the computation of the salary rate for full-time State employees is based on a 14-day calendar biweekly rate as set forth in 2 NYCRR 3.5. Military leave benefits pursuant to Military Law, § 242(5) would also be premised on the same 14-workday basis.